IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

NOEL GENE LOOSEY                                         PLAINTIFF

V.                     NO: 1:15CV00008 KGB/JWC

TATE LAWRENCE *et al.*                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

      Mail your objections to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Noel Gene Loosey, who is currently held at the Izard County Jail, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on January 16, 2015. On February 26, 2015, Defendants Mindy Jones and Tate Lawrence filed a motion to dismiss, along with a brief in support (docket

entries #9 & #10). Plaintiff filed a response on March 6, 2015 (docket entry #12).[1]

## I. Standard of review

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, a letter he received from this Court was opened, he was placed into a cold cell after an altercation, and he has been denied adequate medical treatment for his mental disorder. Plaintiff also complains about criminal charges he is facing.

---

[1]Plaintiff's claims against Defendant Thomas Kendrick have been recommended for dismissal with prejudice (docket entry #4).

Defendants assert that Plaintiff has made no allegations that they were personally involved in any alleged constitutional violation, and he has not alleged that Izard County has any unconstitutional policy or custom that has caused a constitutional violation. Although Plaintiff has been alerted to his complaint's deficiencies by Defendants' motion, he has not alleged, for example, any actions by Defendants to deny him medical care, or that they were deliberately indifferent to unconstitutional conditions of confinement, and he has not identified any county policy or custom which caused a constitutional violation. Accordingly, Defendants' motion should be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #9) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendant Thomas Kendrick, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 13th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE